JOHN A. REEVES AND WIFE v. WILLIAM SHRY.

1. Though a party will not be heard to contradict a deed executed by himself, yet when called by a third party who is attacking the deed as fraudulent, the maker is a competent witness to prove that no sufficient consideration passed for its execution.
2. A conveyance of property by a debtor for a valuable consideration only, and not for a fair and sufficient one, will be regarded fraudulent as to creditors.

APPEAL from Victoria. Tried below before the Hon.
T. C. Barden.

A statement of most of the facts upon which the judg-
ment was rendered will be found in the case of John A.
Reeves *et al.* v. Archibald Bass (*infra* p. 618). Shry in-
sisted that the deed from Bass to Margaret Reeves, of date
December 23, 1867, was in fraud of the rights of creditors,
and introduced Bass as a witness, who testified that he
did not owe his daughter Margaret "one cent" at the
date of his deed to her. There was much testimony which
tended to contradict the statement of Bass as to his
indebtedness to his daughter at the date of the deed.
His testimony in regard to the want of consideration for
the deed was objected to, on the ground that he was
estopped by its execution; the objection was overruled
and an exception taken.

*Phillips, Lackey & Stayton*, for appellants.

*Glass & Callender*, for appellee.

OGDEN, P. J.—The decision of the cause of Reeves and
Wife v. Bass must, to a great extent, decide the questions
presented in this. If the deed and bill of sale made by
Bass to Reeves and wife in 1867 was not intended to and
did not operate as an absolute conveyance, but only con-
veyed to Reeves and wife, or rather to Maggie Reeves,
the land and what of personal property remained at Bass'
death, then there can be no question as to the rights of the
appellee to enforce the payment of his debt.

We readily admit that the evidence adduced on the
trial of this case in regard to that conveyance is conflict-
ing and contradictory; but there clearly was sufficient
evidence adduced by the plaintiff below, if true, to
authorize the verdict and judgment rendered; and it may
also be admitted that there was sufficient evidence ad-

·duced by the claimants below, if true, to rebut and disprove the testimony offered by the plaintiff. But it is believed that this court has nothing to do with deciding questions upon conflicting or contradictory evidence; that is the peculiar province of the jury, into which this court should not intrude.

Where there is a clear lack of testimony, or where the testimony is inconsistent with itself or the facts of a case as presented by the pleadings, this court would be justified in interfering to prevent the execution of a judgment founded upon insufficient or improper testimony; but in a case like this, where there is testimony sufficient to sustain a judgment for either party, the authority of this court is concluded by that judgment, whatever it may be.

The rule that a witness is not competent to disprove or contradict his solemn deed cannot apply in this case to disqualify Bass, since he was called by a third party to prove the fraudulent character, or rather the fraudulent purpose to which the deed from Bass to Maggie Reeves is attempted to be applied, and for that purpose the principle of estoppel cannot apply, while our statute has settled the question of the competency of a witness on account of interest; so that we discover no valid objection to the admissibility of Bass as a witness in this case. It would appear from the conveyance from Bass to Maggie Reeves that he conveyed to her every piece of property owned by him which could be held liable for his debts. If, therefore, that conveyance was for a valuable consideration only, and not for a *bona fide* and sufficient consideration, that conveyance would be regarded as fraudulent as against creditors. A person in failing circumstances may prefer one creditor to another, and convey his property to one to the exclusion of all others, but that conveyance must be absolutely and honestly made for the purpose of paying a just and subsisting debt, and

the consideration for the conveyance must be a fair and sufficient one, or other creditors would have a right to complain. If, therefore, while otherwise involved, Bass was really indebted to his daughter Maggie, and to satisfy that indebtedness he conveyed to her property which greatly exceeded in value that indebtedness, and which conveyance would tend to hinder, delay or defeat the claims of other creditors, the whole transaction should be regarded as fraudulent, so far at least as other creditors are concerned.

Whether the small interest which Maggie Reeves owned in the community property of her father and mother had consumed the entire estate, which had been carefully and prudently managed by her father since the death of her mother, together with the labor and care of her father for fifteen or twenty years, as well as all the personal earnings and savings of her father for that period, while she was contributing nothing for the benefit of that interest, but on the contrary was consuming—in her education and otherwise—a large proportion of the income of the estate and the labor of her father, was a question for the jury to determine in settling the validity of the deed from Bass to his daughter, or its fraudulent character as against creditors.

These questions must have been considered and determined by the jury as a foundation for their verdict, and we can see no good reason, either in the instructions of the court, the verdict or judgment, to warrant a reversal of that determination, and the judgment of the District Court is affirmed.

AFFIRMED.